### No. 6592.

### MRS. A. M. HENNEN, EXECUTRIX, VS. L. A. HACKER ET AL.

Under Art. 2281, C. C., the wife may be made a witness against herself, to show that property bought in her name, was bought with her husband's funds, and that her title is simulated and fraudulent.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers*, J.

---

B. R. Forman for Plaintiff and Appellant:

Article 2281, C. C., expressly permits a wife to testify for or against her separate interest. 23 An. 164.

Burden of proof is on the wife claiming that property purchased during the Community is her separate property, purchased with her separate funds. 15 An. 33; 11 An. 526; 12 An. 193; and others.

The evidence shows that Defendant had no property when she obtained a decree of separation, and that her husband had large means at the time that she sued him and alleged that he was insolvent.

Defendants and Appellees unrepresented.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action in which the plaintiff, as executrix, seeks to have several pieces of real estate standing in the name of a married woman decreed not to be hers, and to be the property of her husband, in order, when so declared, that the same be subjected to the satisfaction of a judgment of ancient date, in favor of the decedent, whose succession she represents.

The suit is directed against the wife solely, but the petition asks that the husband be joined to assist her. The allegations of the petition are substantially that the property belongs to the husband, and was purchased by him with his money, but that, colluding and conspiring with

his wife, in order to defraud plaintiff and his other creditors, he has caused it to be placed in her name ; that she never had any money, property, or resources of her own, nor any separate industry ; that the transfer is a simulation, etc.

For the purpose of making out her case, the plaintiff proposed to have the defendant heard as a witness. On objection, the Court refused to permit her to testify, considering article 2281, R. C. C., as prohibitive of that course. The plaintiff took a bill of exception to the ruling. The judge of the lower court erred.

The article is explicit, that "in any case in which the husband or wife may be joined as plaintiffs or defendants, and have a separate interest, they shall be competent witnesses for or against their separate interest therein." The plaintiff was entitled to examine the defendant under the very terms of the article, as she and her husband were joined in the same suit, and she had a distinct and separate interest at stake. Had she been heard as a witness, it could not have been said that she was testifying against her husband. The authorities are, that where creditors of the husband seek to enforce their rights against him, adversely to the wife's pretensions, she is a competent witness, in her own favor, against them, 24 A. 153 ; 23 A. 164 ; but the husband cannot be allowed to give evidence for or against her. 18 A. 319 ; 21 A. 651, 681, 343, 422.

To resort to such an extremity, the plaintiff must have considered her case greatly imperiled. We cannot say that she was mistaken in her apprehension. Of course, we cannot pass upon the merits of the case, as the same are now presented by the record.

The plaintiff must be given the opportunity upon which she insists, of having the defendant heard as a witness in the case. It is in our power to afford her that relief, and we will do so.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed ; that this case be remanded to be tried *de novo*, and proceeded with as the law provides, the defendant and appellee to pay costs in both courts, from the date of trial.